ORIGINAL

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

Association of Community Organizations for Reform Now :

Plaintiff : 06 208ML

vs. : C.A. No. 06-

TOWN OF EAST GREENWICH by and through its Town Council Members, Michael B. Isaacs, John M. McGurk, Mathias C. Wilkinson, Henry V. Boezi and Kelly A. Petti in their official capacities, its CHIEF OF POLICE David Desjarlais in his official capacity and its FINANCE DIRECTOR Thomas Mattos in his official capacity :

Defendants :

## VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

## INTRODUCTION

1. This is a civil action for injunctive and declaratory relief and damages. The Plaintiff, Association of Community Organizations for Reform Now ("ACORN") is a non-profit organization dedicated to advancing and advocating the interests of low and moderate income people. ACORN seeks to challenge the constitutionality of ordinances prohibiting and/or limiting political canvassing in East Greenwich after 7:00 p.m. and requiring political canvassers to obtain a permit before canvassing. The plaintiff alleges that political canvassing is a form of expression protected by the First Amendment to the United States Constitution and Article I, Section 21 of the Rhode Island Constitution. Moreover,

Plaintiff alleges that the time limitation and the permit requirement violate its federally and state protected free speech rights.

JURISDICTION

2. This is an action for declaratory and injunctive relief and damages and is brought pursuant to 28 U.S.C. § 2201, 2202 with respect to the declaratory remedy sought. Jurisdiction is conferred on this Court by 28 U.S.C. § 1343 and pursuant to 42 U.S.C. § 1983. Plaintiff seeks to redress the deprivation of Civil Rights secured it under the Constitution of the United States, in particular, but not limited to, the First and Fourteenth Amendment thereto.

PARTIES

3. PLAINTIFF Association of Community Organizers for Reform Now ("ACORN" or "Plaintiff") is a non-profit organization, organized and existing under the laws of Arkansas and licensed to do business and doing business in the State of Rhode Island with its location at 807 Broad Street, Suite 220, Providence, Rhode Island.

4. DEFENDANT TOWN OF EAST GREENWICH is a municipal corporation duly created pursuant to the laws of the State of Rhode Island and is being sued by and through its Town Council Members Michael B. Isaacs, John M. McGurk, Mathias C. Wilkinson, Henry V. Boezi and Kelly A. Petti. These Defendants are being sued in their official capacities as Town Council Members.

5. Defendant Town of East Greenwich is also being sued through its Chief of Police David Desjarlais as he is the person who enforces the ordinances at issue in this case. Defendant Desjarlais is being sued only in his official capacity.

6. Defendant Town of East Greenwich is also being sued through its Finance Director Thomas Mattos as this complaint seeks compensatory damages and an award of reasonable attorney's fees. Defendant Mattos is only being sued in his official capacity.

## FACTUAL BACKGROUND

7. Political canvassing is a form of expression protected by the First Amendment to the U.S. Constitution and Article I, Section 21 of the Rhode Island Constitution.

8. Political canvassing is a vital part of ACORN's program. These canvassers disseminate information about ACORN's activities, request residents to sign petitions in support of said activities, encourage residents to generate calls to local representatives and senators on pending legislation that impacts low and moderate income persons and solicit members and donations for ACORN.

9. ACORN has been canvassing in the State of Rhode Island for approximately six (6) years.

10. ACORN has found that door-to-door canvassing is an effective way of disseminating information about its activities to a large segment of the population. While canvassing, where there is a willing adult at home, canvassers discuss current public policy issues, listen to the resident's opinion, distribute educational materials about issues free of charge, encourage residents to take action by conducting grassroots lobbying, request signatures on petitions, and recruit membership dues and contributions to support ACORN's activities. Funds raised by the canvassers benefit ACORN's activities.

11. ACORN's civic public policy issues include many that directly affect the residents of Rhode Island generally and East Greenwich specifically as voters, consumers and area residents.

12. A staff list including social security numbers along with the neighborhoods that will be canvassed is sent to the Police Department before canvassing commences. There has never been a problem in the past with any ACORN canvasser.

13. On or about Monday April 17, 2006, Plaintiff contacted Defendant Desjarlais to provide him with a list of those persons who will be canvassing on behalf of ACORN in East Greenwich.

14. Defendant Desjarlais informed ACORN that its members could not canvass in East Greenwich unless each canvasser obtained a permit at a cost of $10.00 per permit (person). He also informed ACORN that the canvassers had to stop canvassing at 7:00 p.m.

15. East Greenwich's ordinance (Seq. 93-1) provides, contrary to Defendant Desjarlais' statements to ACORN, that permits for door-to-door solicitation cost $5.00 per day or $100.00 per year. It remains ambiguous from the ordinance if each person from an organization such as ACORN has to pay a separate permit fee.

16. Either fee requirement is unconstitutionally overbroad and not narrowly tailored and violates the First Amendment to the Constitution.

17. Past experience has shown that political canvassing continues to be effective after 7:00 p.m. In fact, the canvassers do call backs for people who specifically ask the canvasser to come back between 8:00 p.m. and 9:00 p.m.

18. Residents of the State of Rhode Island have in the past broadly and warmly received ACORN's canvassers between the hours of 4:00 p.m. and 9:00 p.m.

19. Over half of the residents with whom ACORN talks sign petitions or provide some other form of support. The hours of 4:00 p.m. to 9:00 p.m. weekdays are ACORN's standard hours of canvassing in every community. In fact, ACORN finds that its ability to talk to more responsive people is between the hours of 6:00 p.m. and 9:00 p.m.

20. East Greenwich's Ordinances unconstitutionally prohibit political canvassing after 7:00 p.m. **Sec. 10-217 Solicitation time limitation** provides that, "No person shall engage in door-to-door solicitations before the hour of 9:00 a.m. nor after the hour of 7:00 p.m."

21. East Greenwich's Ordinances also unconstitutionally require political canvassers to obtain permits prior to engaging in canvassing. **Sec. 10-207 Charitable solicitation; permit required; exemptions** provides in pertinent part that "No person shall solicit contributions for any charitable or religious purpose within the town without having received a hawker's peddler's and solicitor's permit pursuant to the terms of this article…."

22. East Greenwich's door-to-door solicitation ordinance impermissibly requires applicants to apply for permits a minimum of five days prior to the time when the permit applied for shall become effective. (Sec. 10-209(a)).

23. Defendant provided the Plaintiff with a copy of the relevant ordinances that contained a hand written annotation dated December 28, 2002 that states, "per Ed Alves Jehovah's Witness don't need one [permit]." On information and belief Ed Alves was the Town Solicitor at the time. A true copy of the Ordinances provided to the Plaintiff is attached as Exhibit A.

24. On information and belief, East Greenwich continues to exempt Jehovah's Witnesses from the permit requirement while similarly situated non-profit organizations such as Plaintiff are required to comply with the permit requirement in violation of their first amendment and equal protection rights.

25. At all times relevant hereto, Defendants acted under color of law.

26. Plaintiff has no adequate remedy at law.

27. Plaintiff has suffered a loss of income as a direct result of the time limitation and permit requirement improperly imposed upon ACORN by the Defendants.

COUNT I

(First Amendment/42 U.S.C. § 1983)

28. Political canvassing is a recognized form of expression. Moreover, the conduct of canvassing is an integral and essential part of the expressive act.

29. Political canvassing is a form of expression of ideas protected by the First and Fourteenth Amendments to the United States Constitution.

30. The relevant ordinances Sec. 10-217 and Sec. 10-206 et seq. prohibit and criminalize political canvassing after 7:00 p.m. and improperly require ACORN to obtain permits for each of its canvassers prior to canvassing.

31. These ordinances violate the free speech rights of the Plaintiff to express and disseminate Plaintiff's ideas and beliefs and to solicit members and donations which are protected by the First and Fourteenth Amendments to the U.S. Constitution.

32. The ordinances in question are not narrowly tailored to meet a substantial or compelling governmental interest.

33. Defendants could achieve any legitimate objectives in regulating canvassing activities by less restrictive means.

WHEREFORE, the Plaintiff requests, that the Court provide the following relief pursuant to 42 U.S. C. § 1983:

A. Enter a Declaration that the East Greenwich ordinance (Sec. 10-217) that prohibits ACORN's political canvassing after 7:00 p.m. but before 9:00 p.m. violates the First and Fourteenth Amendments to the U.S. Constitution, and is therefore unconstitutional and in derogation of the First and Fourteenth Amendments to the U.S. Constitution.

B. Enter a Declaration that the East Greenwich ordinances (Sec. 10-206 et seq.) that require ACORN to obtain a permit for each of its political canvassers prior to commencing peaceful political canvassing activities in the Town of East Greenwich before 9:00 p.m. violates the First and Fourteenth Amendments to the U.S. Constitution, and is therefore unconstitutional and in derogation of the First and Fourteenth Amendments to the U.S. Constitution.

C. Issue a Temporary, Preliminary and Permanent Injunction against the Defendants, their attorneys, officers, servants, employees and agents, and all persons acting in concert with them from a) requiring plaintiff to obtain and pay for a permit to conduct political canvassing for each of its canvassers; b) denying plaintiff the right to canvass until 9:00 p.m.; c) arresting, harassing or commencing criminal, civil, or administrative proceedings against the plaintiff, its canvassers, or any persons acting in concert with them based upon their conducting peaceful canvassing activities in the Town of East Greenwich before 9:00 p.m.

D. Award Plaintiff its compensatory damages for loss of income attributable to the unconstitutional restrictions imposed upon Plaintiff's canvassing.

E. Award Plaintiff its costs, including reasonable attorney's fees pursuant to 42 U.S.C. § 1988.

F. Award such further relief as this Court deems fair and just.

## COUNT II

(Article I, Section 21 of the Rhode Island Constitution)

34. The East Greenwich ordinances in question as described above violate the Plaintiffs' right of free expression to express and disseminate Plaintiff's ideas and beliefs and solicit members and donations as protected by Article I, Section 21 of the Rhode Island Constitution.

WHEREFORE, the Plaintiff requests that this Court:

A. Enter a Declaration that the East Greenwich ordinance (Sec. 10-217) that prohibits ACORN's political canvassing after 7:00 p.m. but before 9:00 p.m. violates Article I, Section 21 of the Rhode Island Constitution.

B. Enter a Declaration that the East Greenwich ordinances (Sec. 10-206 et seq.) that require ACORN to obtain a permit for each of its political canvassers prior to commencing peaceful political canvassing activities in the Town of East Greenwich before 9:00 p.m. violates Article I, Section 21 of the Rhode Island Constitution.

C. Issue a Preliminary and Permanent Injunction against the enforcement of the prohibition.

D. Award such further relief as this Court deems fair and just.

COUNT III

(Equal Protection/Fifth and Fourteenth Amendments/42 U.S.C. § 1983)

35. The East Greenwich Ordinances violate ACORN's equal protection rights as protected by the Fifth and Fourteenth Amendments to the U.S. Constitution.

WHEREFORE, the Plaintiff requests, that the Court provide the following relief pursuant to 42 U.S. C. § 1983:

A. Enter a Declaration that the East Greenwich ordinance (Sec. 10-217) that prohibits ACORN's political canvassing after 7:00 p.m. but before 9:00 p.m. violates ACORN's equal protection rights as guaranteed by the Fifth and Fourteenth Amendments to the U.S. Constitution, and is therefore unconstitutional and in derogation of the Fifth and Fourteenth Amendments to the U.S. Constitution.

B. Enter a Declaration that the East Greenwich ordinances (Sec. 10-206 et seq.) that require ACORN to obtain a permit for each of its political canvassers prior to commencing peaceful political canvassing activities in the Town of East Greenwich before 9:00 p.m. violates the Fifth and Fourteenth Amendments to the U.S.

Constitution, and is therefore unconstitutional and in derogation of the Fifth and Fourteenth Amendments to the U.S. Constitution.

C. Issue a Temporary, Preliminary and Permanent Injunction against the Defendants, their attorneys, officers, servants, employees and agents, and all persons acting in concert with them from a) requiring plaintiff to obtain and pay for a permit to conduct political canvassing for each of its canvassers; b) denying plaintiff the right to canvass until 9:00 p.m.; c) arresting, harassing or commencing criminal, civil, or administrative proceedings against the plaintiff, its canvassers, or any persons acting in concert with them based upon their conducting peaceful canvassing activities in the Town of East Greenwich before 9:00 p.m.

D. Award Plaintiff its compensatory damages for loss of income attributable to the unconstitutional restrictions imposed upon Plaintiff's canvassing.

E. Award Plaintiff its costs, including reasonable attorney's fees pursuant to 42 U.S.C. § 1988.

F. Award such further relief as this Court deems fair and just.

COUNT IV

(Equal Protection/Article I, Section 2)

36. The East Greenwich Ordinances violate ACORN's state equal protection rights as protected by Article I, Section 2 of the R.I. Constitution.

WHEREFORE, the Plaintiff requests that this Court:

A. Enter a Declaration that the East Greenwich ordinance (Sec. 10-217) that prohibits ACORN's political canvassing after 7:00 p.m. but before 9:00 p.m. violates Article I, Section 21 of the Rhode Island Constitution.

B. Enter a Declaration that the East Greenwich ordinances (Sec. 10-206 et seq.) that require ACORN to obtain a permit for each of its political canvassers prior to commencing peaceful political canvassing activities in the Town of East Greenwich before 9:00 p.m. violates Article I, Section 2 of the Rhode Island Constitution.

C. Issue a Preliminary and Permanent Injunction against the enforcement of the prohibition.

D. Award such further relief as this Court deems fair and just.

I verify that the within allegations are true and accurate to the best of my knowledge and information.

Jeffrey M. Partridge, Canvassing Director
Association of Community Organizations for
Reform Now, Rhode Island Chapter

Signed and sworn to before me this 4th day of May, 2006 in Providence, Rhode Island.

Notary Public
My commission expires: 12/3/08

Plaintiff Association of Community Organizations
For Reform Now
By its Attorney:

CAROLYN A. MANNIS, ESQ. #4275
As volunteer attorney for the R.I. Affiliate of the
American Civil Liberties Union
170 Westminster Street, Suite 800
Providence, RI 02903
401.454.4466 (Telephone)
401.351.3914 (Facsimile)

*Special event* means any parade, concert, carnival, festival, or other event as may be duly designated in section 10-219.

*Transient merchant* means any person, firm or corporation, whether as owner, agent, assignee, or employee, whether a resident of the town or not, and whether located in one place or traveling either by foot, wagon, automobile, motor truck or any type of conveyance from place to place, from house to house, from street to street, who is taking or attempting to take orders for, or offering for sale, goods, wares, merchandise, personal property of any nature whatsoever for future delivery, or for services to be furnished or performed in the future, whether or not such individual has, carries, or exposes for sale a sample of the subject of such sale, or whether or not he is collecting advance payment on such sales. The definition shall include hawkers and peddlers.
(Code 1970, § 9-1)

Cross reference—Definitions and rules of construction generally, § 1-2.

**Sec. 10-207. Charitable solicitation; permit required; exemptions.**

No person shall solicit contributions for any charitable or religious purpose within the town without having received a hawker's, peddler's and solicitor's permit pursuant to the terms of this article; provided, however, that the provisions of this article shall not apply to any person organized and operated exclusively for religious or charitable purposes and not operated for the pecuniary profit of any such person, if the solicitations by such established person are conducted among the members thereof by other members or officers thereof voluntarily and without remuneration for making such solicitations, or if the solicitations are in form of collections or contributions at the regular assembly or services of any such person; provided further, however, that no person shall be deemed to be a member if such person is a member solely by reason of having made a contribution thereto.
(Code 1970, § 9-2)

12/27/02 per Ed Alves Jehovah's Witness don't need one

**Sec. 10-208. Transient merchants and hawkers and peddlers; license required.**

It shall be unlawful for any transient merchant or hawker and peddler to engage in such business within the town without first obtaining a hawker's, peddler's and solicitor's permit therefor in compliance with the provisions of this article.
(Code 1970, § 9-3)

**Sec. 10-209. Application for permit.**

(a) An application for a hawker's, peddler's and solicitor's permit pursuant to this article shall be made to the police department on a form provided by the police department. Such application shall be sworn to in duplicate and filed with the police department at least five days prior to the time when the permit applied for shall become effective. The application required in this article shall contain the following information, or in lieu thereof a detailed statement of the reason why such information cannot be furnished.

(b) In the case of a charitable solicitation permit:

(1) The name, address or headquarters of the person applying for the permit.

(2) If the applicant is not an individual, the names and addresses of the applicant's principal officers and managers.

(3) The purpose for which such solicitation is to be made, and the use or disposition to be made of any receipts therefrom.

(4) The names and addresses of the person or persons in charge of conducting the solicitation, and the names and addresses of any persons who will conduct such solicitation, together with a statement as to whether or not any such person has been convicted of any crime involving moral turpitude, and if so, nature of the offense, the date of such conviction and the sentence imposed, if any.

(5) The dates upon which the permit is requested for use indicating, if applicable, the special event for which application is sought.

(6) The length of time for which the right to do business is desired and whether the applicant seeks a daily, special event, or weekly permit.

(7) The place and/or preferred designated area where the goods or property are proposed to



Exhibit A