# EXHIBIT "B"

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Association of Community Organizations for Reform Now, Plaintiff,<br><br>v.<br><br>TOWN OF EAST GREENWICH by and through its Town Council Members, Michael B. Isaacs, John M. McGurk, Mathias C. Wilkinson, Henry V. Boezi and Kelly A. Petti, in their official capacities, its CHIEF OF POLICE, David Desjarlais in his official capacity and its FINANCE DIRECTOR, Thomas Mattos in his official capacity, Defendants. | C.A. NO. 06-208 T |

**DEFENDANT, TOWN OF EAST GREENWICH'S, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO THE PLAINTIFF**

Pursuant to the provisions of Rule 34 of the Federal Rules of Civil Procedure, the defendant, Town of East Greenwich (the "Town"), requests that the Plaintiff, Association of Community Organizations for Reform Now ("ACORN"), produce for inspection and copying the following designated documents. The term "documents" as used herein shall mean the original, all non-identical copies and all drafts of any books, pamphlets, statement, letter or other form of correspondence, e-mail attachments, telegram, telex, report, study, memorandum, note, diary entry, log entry, telephone memorandum, summary or financial record, newspaper article, computer-generated data, CD, DVD, video-recording, tape recording, photograph, drawing. If any document sought by the Request for Production of Documents has been destroyed (and no copies exist), identify the date of destruction and the person responsible for the ordering destruction and the purpose for destruction.

If you claim any privilege or immunity from discovery with respect to any documents sought herein, please provide the following information as to each document to which each such claim is made:

a. its date;
b. the name and address of its maker(s);

c. the name and address of each person who has seen and reviewed each document;
d. the name and address of each person listed as an addressee;
e. a brief description of its subject matter;
f. the nature of the privilege or immunity claim; and
g. a summary of all facts and circumstances upon which such claim is based.

The documents are to be produced at the office of John J. Cloherty, III, Esq., Pierce, Davis & Perritano, LLP, Ten Winthrop Square, Boston, MA 02110 (on or before 30 days from receipt of this Request), with the documents organized in the manner specified in Fed. R. Civ. P. 34(b).

**DOCUMENTS REQUESTED**

1. All reports, memoranda, notices, letters, correspondence and any other documents which came into the possession of the Plaintiff or Plaintiff's attorney at any time in any way concerning or relating to any communication concerning the incident(s) or event(s) alleged in the Complaint, between the Plaintiff, or Plaintiff's agents, servants or employees, and;

a. the defendant, its agents, servants, employees or representatives; and
b. each local, state or federal government or police agency, department, unit, division or authority, and its agents, servants, employees or representatives.

2. All written statements or affidavits (whether signed or unsigned) by any person referring to any of the events alleged in the Complaint, directly or indirectly, which are in the possession, custody or control of the Plaintiff, is agents, employees or representatives.

3. All documents supporting, formatting or tending to prove any of the Plaintiff's damage claims in this proceeding.

4. All documents that Plaintiff provided to or received from the Town and/or any employee or other representative thereof, concerning any of the events and allegations alleged in the Complaint.

5. All employment, personnel and work records regarding the Plaintiff's Rhode Island offices and its employees, or agents, as of April 2006, including, but not limited to, attendance sheets, payroll records, training documentation, background checks, and employment qualifications.

6. Copies of each and every document that concerns, supports or relates to any communications to the Plaintiff, its agents, or employees by or from citizens of the Town of East Greenwich.

7. Copies reflecting Plaintiff's year-end financial statements for the most recent five years.

8. Copies of each and every document that concerns, supports or relates to any complaints, objections or concerns received or otherwise communicated to the Plaintiff, its agents or employees by or from citizens of the State of Rhode Island regarding door-to-door canvassing.

9. True and complete copies of the Plaintiff's federal and state income tax returns, or non-profit income filings, including schedules, attachments and worksheets for the most recent five years.

10. All books, documents and other records showing the Plaintiff's income from all sources for the years designated in the preceding paragraph.

11. True and complete copies of the Plaintiff's Annual Corporate Reports for the most recent five years.

12. Any and all documents relating or referring to any financial contributions or other items of value provided to the Plaintiff's Rhode Island office for the most recent five years.

13. All notes, diaries, logs, memoranda and other written records made or received by the Plaintiff, its agents, servants or employees concerning any meeting or meetings, telephone conversation or conversations that occurred between the Plaintiff, its agents, servants or employees and the Defendant Town of East Greenwich, its agents, servants or employees, concerning any of the events and allegations alleged in the Complaint.

14. Copies of any and all documents which the Plaintiff intends to introduce as an exhibit and/or evidence at trial.

15. All diaries, notes, notebooks, appointment calendars, journals, memoranda, logs, computer files, electronic files, electronic mail or other materials written and/or kept by the Plaintiff, its agents or employees that refers to any of the events as alleged in the Complaint.

16. Copies of the complete files of any expert witnesses whom the Plaintiff expects to testify at trial, including copies of the curriculum vitae, publication list and documents manifesting qualifications and/or experience of each expert witness.

17. Copies of any and all notes, reports, correspondence, graphs, charts, exhibits, compilations or documents of any sort prepared by any expert witness whom Plaintiff expects to call as a witness at trial.

18. Any and all documentation of monthly expenses incurred by the Plaintiff's Rhode Island office.

19. Any and all documents, memoranda, notices, letters or other correspondence that describes, illustrates, relates to and documents how the damages or losses alleged in the Complaint occurred, including the dates upon which the damages or losses allegedly occurred, the manner in which the damages or losses allegedly occurred (including their cause), and the date upon which Plaintiff first learned of the damages or losses.

20. Any and all documents, memoranda, notices, letters or other correspondence that describes, illustrates, relates to and documents the damages alleged in the Complaint and all losses allegedly sustained, including, but not limited to, all steps taken which were necessary to correct or mitigate the alleged damages or losses incurred.

21. Any documents prepared during the regular course of business, as a result of the events as alleged in the Complaint

22. Copies of any and all documents referred to in preparing Plaintiff's answers to interrogatories propounded by Plaintiff by the Defendant.

23. Copies of any and all documents which the Plaintiff intends to introduce as an exhibit and/or evidence at trial.

24. Copies of any and all documents and correspondence referred to in the Complaint.

25. Any and all copies of documents relating to, referring to or contained in press releases or public relations publications relative to this matter.

26. Originals or copies of all writings, statements and other documents concerning this action, its subject matter or any of the events, activities or statements alleged in Plaintiff' Complaint previously made by:

a. the defendant Town of East Greenwich, its agents, servants or employees;
b. any witnesses to any of the allegations contained in Plaintiff's Complaint; and
c. the Plaintiff, its agents, servants or employees.

27. All promotional materials provided, supplied, publicized or furnished by the Plaintiff's to citizens of East Greenwich or intended to be so provided.

28. All documents and materials relating in any way to the estimation of future costs Plaintiff will have to incur as a result of the alleged conduct by the Town of East Greenwich as alleged in Plaintiff's Complaint.

29. Any and all documents identifying the names, address, and dates of employment of Plaintiff's agents or employees, (whether paid employees or not) who were canvassing or intending to canvass in the Town of East Greenwich, as alleged in the Complaint, and documentation describing each said employees' job titles and duties.

30. All documents evidencing salaries or other compensation of those persons described in the previous request.

31. Any and all documents relative to fundraising activities of ACORN in Rhode Island in the most recent five years.

32. All documents that support, tend to support, prove, or tend to prove any of the allegations, facts, defenses, denials or other matters asserted in the Plaintiff's Complaint.

33. All documents and materials relating to and/or referring to Plaintiff's means or methods of political canvassing by its canvassers, as a vital part of their program, as alleged in the Complaint.

34. All written or audio/visual recordings of policies, procedures, protocols, guidance or training materials concerning door-to-door canvassing, solicitation, or fundraising, drafted by Plaintiff and/or distributed to its employees or agents.

35. All photographs, films, videotapes, digital recordings or other audio/visual recordings depicting Plaintiff's door-to-door canvassing, solicitation or fundraising.

36. Copies of all promotional, campaign, soliciting, fundraising or advocacy literature or other correspondence distributed by hand or mail in the Town of East Greenwich by Plaintiff or its agents.

37. All documents relating to each person whom you expect to call as an expert witness at trial, including, but not limited to:

a. All documents prepared by each testifying expert witness;
b. All documents produced to each testifying expert witness by the Plaintiff;
c. All documents relied upon by each testifying expert witness in forming his or her opinions which are the subject of testimony;
d. All documents used, consulted, or reviewed by each testifying expert witness in forming his or her opinions which are the subject of testimony;
e. All documents concerning compensation of each testifying expert witness by or for the Plaintiff; and
f. A current curriculum vitae for each testifying expert witness.

38. All photographs, films, videotapes, digital recordings or other audio/visual recordings depicting Plaintiff's door-to-door canvassing, solicitation or fundraising which Plaintiff intends to introduce as evidence in the trial of this matter.

39. All written or audio/visual recordings of policies, procedures, protocols, guidance or training materials concerning interaction or communications with local, state or federal governmental authorities about canvassing or soliciting activities.

40. Copies of all pleadings in any legal action commenced by or against Plaintiff concerning its canvassing activities in the State of Rhode Island.

41. All policies, procedures or protocols for the hiring of employees or agents to conduct canvassing or solicitation on behalf of Plaintiff.

Respectfully submitted,

The Defendants,
TOWN OF EAST GREENWICH, by and through its Town Council Members, Michael B. Isaacs, John M. McGurk, Mathias C. Wilkinson, Henry V. Boezi and Kelly A. Petti, in their official capacities, its CHIEF OF POLICE, David Desjarlais in his official capacity and its FINANCE DIRECTOR,
by their attorneys,

**PIERCE, DAVIS & PERRITANO, LLP**

John J. Cloherty III, BBO #566522
Ten Winthrop Square
Boston, MA 02110
(617) 350-0950

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each (other) party by mail (by hand) on 10/17/07.